IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BRADLEY C. RUSSELL,                                                              PLAINTIFF

v.                                                             CIVIL ACTION NO. 1:07CV383-M-A

MICHAEL J. ASTRUE,                                                              DEFENDANT

## REPORT AND RECOMMENDATION

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Bradley C. Russell for period of disability benefits under Title II of the Social Security Act. The defendant has filed a motion to dismiss the action and not timely filed.[1] Plaintiff has not responded to the motion.

Plaintiff's application for benefits was denied by an Administrative Law Judge after hearing, and the Appeals Council denied his request for review, notifying plaintiff on May 15, 2007 of its decision and that he had a right to file suit in federal court within sixty days of the notice. Plaintiff sought and received additional time to file this suit, the last occasion being a grant of an additional thirty days from September 21, 2007. Plaintiff did not file this action until November 9, 2007.

SUMMARY JUDGMENT STANDARD

Under **Fed. R. Civ. P.** 56(a)**,** the court may grant summary judgment if no genuine issue

---

[1] Defendant filed its motion under FED. R. CIV. P. 12, but asked alternatively for summary judgment if the court chose to look to additional exhibits filed with the motion. Rule 12(b), of course, specifically provides authority to do so, and the court elects to consider the information submitted in addition to the pleadings and to treat the motion under Rule 56

of material fact exists and the moving party is entitled to judgment as a matter of law. The movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 91 L. Ed. 2d 265, 275 (1986) ("the burden on the moving party may be discharged by 'showing'...that there is an absence of evidence to support the non-moving party's case'); *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Under Rule 56(e), the burden shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 91 L. Ed. 2d at 274. That burden is not discharged by "mere allegations or denials." *Fed. R. Civ. P. 56(e)*. All legitimate factual inferences must be drawn in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 91 L. Ed. 2d 202, 216 (1986); *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 91 L. Ed. 2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538, 552 (1986).

## CONCLUSIONS OF THE MAGISTRATE JUDGE

The exclusive procedure for obtaining judicial review of Social Security Administration decisions is provided by 42 U.S.C. §§ 405(g) & (h). Subsection (g) requires that any action seeking review be filed "within sixty days after the mailing to [the plaintiff] of notice of such

2

decision or within such further time as the Commissioner of Social Security may allow." By regulation, the Commissioner established that the time period runs from the plaintiff's receipt of the notice, 20 C.F.R. § 422.210(c), which he presumes to be five days after the date of mailing of the notice, unless the plaintiff makes a reasonable showing otherwise. See 20 C.F.R. § 422.210(c). Because the Commissioner mailed the last extension of time on September 21, 2008, the time for filing this case expired on October 26, 2008. Although plaintiff alleged in his complaint that "the official letter was not received until more than 30 days after the date of the letter of extension," that allegation remains simply that – an allegation – and no more. Plaintiff has not offered no information or sworn testimony to support that statement in the complaint. When defendant came forward with its motion and the declaration under penalty of perjury by Patrick J. Herbst of the Social Security Administration, plaintiff was obligated to offer something more than the unsupported allegation of the complaint to defeat the motion for summary judgment. Having failed to do so, the plaintiff's complaint should be dismissed with prejudice as having been untimely filed.

## RECOMMENDATION

Pursuant to the foregoing analysis, the undersigned recommends that the instant case be dismissed with prejudice. The parties are referred to 28 U.S.C. §636(b)(1)(B) and FED. R. CIV. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date and "a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted).

Respectfully submitted, this the 31st day of March, 2008.

                                               /s/ S. ALLAN ALEXANDER
                                         UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BRADLEY C. RUSSELL, PLAINTIFF

v. CIVIL ACTION NO. 1:07CV383-M-A

MICHAEL J. ASTRUE, DEFENDANT

**FINAL JUDGMENT**

On consideration of the file and records in this action, the court finds that the report and recommendation of the United States Magistrate Judge dated March 31, 2008, was on that date duly served electronically upon the attorney of record for the defendant; that more than ten days have elapsed since service of said report and recommendation; and that no objection thereto has been filed or served by said parties. The court is of the opinion that the report and recommendation should be approved and adopted as the opinion of the court with the exceptions that follow.

It is, therefore, **ORDERED:**

That defendant is hereby granted summary judgment. The plaintiff's claims are dismissed with prejudice. All parties shall bear their own costs.

THIS, the _____ day of _____ 2008.

_____
UNITED STATES DISTRICT JUDGE